# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

De'Marian A. Clemons,

    Petitioner,

v.

Gentry, et al.,

    Respondents.

2:17-cv-01041-JAD-GWF

**Order Granting Stay and Denying Remaining Motions**

[ECF Nos. 17, 20, 23 and 25]

In this habeas corpus petition under 28 U.S.C. § 2254, pro se petitioner De'Marian Clemons seeks work credits that would shorten the duration of his sentence. Respondents move to dismiss for lack of exhaustion. Having reviewed the record, I find that this sole remaining ground is unexhausted, but instead of dismissing this case, I grant Clemons's motion to stay because Clemons has demonstrated that a stay is appropriate. I also deny his later motion to lift stay as premature, and I deny his second motion for appointment of counsel as meritless.

## Discussion

**A.    Clemons previously demonstrated his ability to bring the ground presented.**

In the sole ground remaining in this action, Clemons alleges that his inability to earn work-time credits due to an alleged disability, which keeps him from further reducing the maximum term of his sentences, violates the Equal Protection Clause of the Fourteenth Amendment and the Americans with Disabilities Act of 1990 (ADA).[1] Clemons demonstrated his ability to bring such claims in pleadings filed in federal court prior to the state proceedings that are relevant to the exhaustion and stay issues. In No. 2:14-cv-02195-APG-NJK, Clemons presented a civil-rights complaint in which he alleged that he was entitled to receive the same work credits as non-disabled inmates under the ADA because medical issues had rendered him

---

[1] ECF No. 5 at 3–4; ECF No. 4 at 2. Clemons does not challenge his underlying convictions or sentences from two Nevada state criminal cases.

1

disabled. The court dismissed the claim without prejudice in March 2016 because it arose in habeas rather than under the Civil Rights Act.[2] Then in No. 2:15-cv-01713-RCJ-CWH, Clemons similarly alleged in a habeas petition that the denial of work credits to disabled inmates violates the ADA; he also presented a related equal protection claim. The court dismissed that petition in June 2016 after Clemons failed to show cause why the petition should not be dismissed for lack of exhaustion.[3]

### B. State inmates must exhaust a claim in state court before seeking federal habeas relief.

Because a habeas petitioner must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, the federal court will not consider a state prisoner's petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.[4] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[5] To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[6] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[7] The state court must be "alerted to the fact that

---

[2] *See* No. 2:14-cv-02195-APG-NJK, ECF No. 2 at 3–6; ECF No. 22. I take judicial notice of the records in the prior cases in this district. *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

[3] No. 2:15-cv-01713-RCJ-CWH, ECF No. 5 at 6–7, 9–10 & 18; ECF Nos. 4 & 7.

[4] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[5] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

[6] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[7] *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).

2

the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.[8]

### C. Clemons did not exhaust his claims in the state courts.

Clemons does not contend that his claims were exhausted when he filed the federal petition. Indeed, he did not file an opposition to the motion to dismiss; he filed only a motion to stay the case so that he may exhaust his claims. The history of these claims bears this out. In a May 16, 2016, state habeas petition, Clemons included claims that he was being denied work credits in violation of the ADA and the Equal Protection Clause because his alleged disabilities prevented him from working.[9] However, in his November 2, 2016, opening brief on appeal from the denial of the petition, he did not pursue any such claims under the ADA or the Equal Protection Clause.[10] A petitioner must present both the operative facts and the federal legal theory of his federal claim through to the highest level of state judicial review available. So Clemons did not exhaust his instant claims before filing this federal petition.

Clemons suggests in his motion to stay that he exhausted his claims after filing this petition. He points to his pursuit of a grievance through a prison administrative procedure and his filing of a paper in a long-closed state-court appeal that was rejected for filing by the state supreme court clerk due to lack of jurisdiction.[11] Though the *grievance process* is the way for a prisoner to exhaust administrative remedies for a civil rights claim,[12] he must exhaust all *state judicial remedies* to ripen a habeas petition.[13] Clemons did not exhaust his judicial remedies here. His attempted presentation of a fugitive paper in a long-closed state-court appeal did not

---

[8] *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

[9] ECF No. 18-3 at 6.

[10] ECF No. 18-14.

[11] *See* ECF No. 25 at 1–2 & 6–10.

[12] 42 U.S.C. § 1997e(a).

[13] *See* text at note 5 *supra*.

fairly present any claim to the Nevada state appellate courts using a procedural vehicle in which its merits would be considered.[14] So, absent a stay, this petition must be dismissed without prejudice because the claims in the sole remaining ground are unexhausted.

**D. Clemons has demonstrated that a stay is warranted here.**

In *Rhines v. Weber*,[15] the United States Supreme Court limited the district courts' discretion to allow habeas petitioners to return to state court to exhaust claims. When a petitioner pleads an unexhausted claim, the district court may stay the petition to allow the petitioner to return to state court to exhaust his claim only if: (1) the habeas petitioner has good cause for failing to exhaust; (2) the unexhausted claim is potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.[16] A stay for exhaustion may be ordered even when a petition is wholly unexhausted.[17]

Clemons contends that the first *Rhines* factor is satisfied based on "newly discovered evidence" to support his claim. That "evidence" is a June 20, 2016, U.S. Department of Justice review letter that finds that the state corrections department did not comply with the ADA regarding the ability of disabled inmates to accrue work sentence credits.[18] But this letter is not evidence at all. Regardless, Clemons demonstrated his ability to allege claims substantially similar to his instant one long before that June 20, 2016, DOJ letter and without access to that letter. So his alleged later discovery of that letter does not establish good cause for his failure to exhaust claims in the state courts.

---

[14] *See, e.g., Castille v. Peoples*, 489 U.S. 346, 351 (1989) (presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim).

[15] *Rhines v. Weber*, 544 U.S. 269 (2005).

[16] *Id*. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).

[17] *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016).

[18] *See* ECF No. 20 at 6–13. The copy of the letter appears to be authentic. *See* ECF No. 21 at 4.

Clemons's better argument is that his pro se status in the state courts may provide him with good cause for his failure to exhaust. Two years ago in *Dixon v. Baker*,[19] the Ninth Circuit explored the question of what constitutes good cause for a *Rhines* stay. It recounted that "good cause under *Rhines* does not require a showing of 'extraordinary circumstances, but . . . a petitioner must do more than simply assert that he was 'under the impression' that his claim was exhausted."[20] Nevertheless, the *Dixon* court held that the petitioner's "statement that 'there was no counsel'" in his state postconviction case was "sufficient to establish good cause" for a *Rhines* stay, reasoning that "[a] petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel."[21] Though I do not find that *Dixon* applies categorically to all cases in which a petitioner represents himself in state postconviction proceedings, I do conclude that this broad language in *Dixon* counsels in favor of a finding of good cause in this case based upon the record and arguments presented. So Clemons has established good cause for a *Rhines* stay.

Clemons has also satisfied the second factor. A claim is plainly meritless for *Rhines* purposes only when the petitioner does not raise even a colorable federal claim and thus has no hope of prevailing.[22] I cannot conclude that Clemons's claim is meritless. The DOJ letter he references suggests that denying disabled inmates an opportunity to accrue work credits equivalent to those available to nondisabled inmates might violate the ADA.[23] The corrections department thereafter adopted regulations that appear to seek, among other things, to now make

---

[19] *Dixon v. Baker*, 847 F.3d 714 (9th Cir. 2017).

[20] *Dixon*, 847 F.3d at 720.

[21] *Id*. at 721.

[22] *See Rhines*, 544 U.S. at 277; *Dixon*, 847 F.3d at 722; *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

[23] *See* ECF No. 20 at 6–7 & 10-12.

5

an opportunity to accrue work credits more available also to disabled inmates.[24] There is thus an arguable legal basis for Clemons's ADA claim.[25]

Respondents maintain that Clemons's claim is belied by the fact that he quit a prison job in 2013, received work credits during certain periods thereafter, and failed to present any evidence that he requested a reasonable accommodation for his alleged disability. They rely on a March 29, 2016, order in No. 2:14-cv-02195-APG-NJK in partial support of these factual arguments.[26] Yet both Judge Gordon's factual recital in the earlier case and materials submitted by Clemons in this action reflect that Clemons either has ceased, declined, or been denied work activity at various times due to medical conditions.[27] I decline to resolve disputed issues of fact or otherwise become immersed in adjudicating the merits to determine whether to grant a stay for exhaustion purposes.[28] It is enough that Clemons's claim is not plainly meritless on the record presented.

The third factor similarly counsels in favor of a *Rhines* stay. Nothing in the record indicates that Clemons has engaged in intentionally dilatory tactics, and I find no reason to

---

[24] *See* ECF No. 21-1 at 5-7.

[25] I need not, so do not, determine whether Clemons's parallel Equal Protection Clause claim also has potential merit, as he must present only one claim that is not plainly meritless to obtain a stay. *Dixon*, 847 F.3d at 722–23.

[26] ECF No. 21 at 4.

[27] *See, e.g.,* ECF No. 5 at 76 & 94–95; No. 2:14-cv-02195-APG-NJK, ECF No. 22 at 2.

[28] *Cf. Dixon*, 847 F.3d at 722 ("In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'"). I express no definitive opinion about whether Clemons is disabled for purposes of the ADA or about any other merits issue on his ADA claim.

conclude that his stay request is so motivated.[29] I therefore grant Clemons's motion for a stay and deny respondents' motion to dismiss.[30]

**E.     Clemons's motion to lift stay is premature.**

Three months after he moved for a stay, Clemons filed a motion to lift the stay. Because no stay had been granted, this motion is premature, and I deny it on that basis. But it is also subject to denial because Clemons has not demonstrated that he has exhausted his claims while he awaited this order on his motion to stay. The action therefore must be dismissed unless it is stayed. There currently is no basis otherwise to proceed forward in this matter because the sole remaining ground in the petition remains unexhausted. I therefore deny the motion to lift stay on the current record.

**F.     Clemons has not demonstrated a basis to appoint counsel.**

I denied Clemons's first motion for appointment of counsel, which was a "boilerplate" motion asserting no grounds for appointment specific to Clemons.[31] I implicitly found that the legal issues presented were not so complex that they would prevent Clemons from articulating his sole remaining ground.[32] Nothing in Clemons's second motion leads me to a contrary finding. Clemons asserts that he was unable to reply to respondents' opposition to his motion for a stay because he could not understand the issues raised in the opposition because he is pro se and not trained in the law. But the issues raised by the opposition were not unduly complex or beyond the ken of a pro se litigant. Clemons appears to have attained a high-school level

---

[29] *Cf. Lawrence v. Florida*, 549 U.S. 327, 344 & n.9 (2007) (Ginsburg, J., dissenting) ("Most prisoners want to be released from custody as soon as possible, not to prolong their incarceration. They are therefore interested in the expeditious resolution of their claims. Though capital petitioners may be aided by delay, they are a small minority of all petitioners."); *Valdovinos v. McGrath*, 598 F.3d 568, 574 (9th Cir. 2010), *vacated for reconsideration on other grounds*, 562 U.S. 1196 (2011) (petitioner "had not engaged in dilatory tactics and he had no motivation for delay, as he is not a capital defendant").

[30] I express no opinion whether any claim by Clemons is subject to state or federal procedural bars.

[31] ECF No. 2.

[32] ECF No. 4 at 3.

education along with a year of college-level courses.[33] None of the alleged impairments referenced in the record are cognitive or other mental impairments.[34] And Clemons has filed a total of twenty actions in this court including this one, demonstrating that he is capable of self representation.

While almost any pro se litigant would be better served by the appointment of counsel, that is not the standard for appointment. I once again find that the issues presented in this action are not so complex that they would prevent Clemons from articulating his position.[35] I therefore deny Clemons's second motion for appointment of counsel.[36]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that respondents' motion to dismiss **[ECF No. 17]** is **DENIED** without prejudice and as moot, that Clemons's motion for appointment of counsel **[ECF No. 23]** is **DENIED**, and that Clemons's motion to lift stay **[ECF No. 25]** is **DENIED** without prejudice.

IT IS FURTHER ORDERED that Clemons's motion for a stay **[ECF No. 20]** is **GRANTED** and that **THIS ACTION IS STAYED** until further order of the court to permit Clemons to exhaust his claim. Clemons may move to reopen this matter following exhaustion, and any party otherwise may move to reopen the matter at any time and seek any relief appropriate under the circumstances. No claims are dismissed by this order, and a reopened action will proceed under the same docket number.

---

[33] *See* ECF No. 25 at 8.

[34] *See* ECF No. 5 at 72–76.

[35] While the *Dixon* opinion suggests that pro se status can constitute good cause for a failure to exhaust, *Dixon* does not state a standard for appointment of federal habeas counsel.

[36] Clemons should not assume that the filing of a motion for appointment of counsel will excuse him from complying with briefing deadlines. If he fails to oppose a motion by respondents within the time allowed and instead files a motion for appointment of counsel, the respondents' motion may be granted as unopposed under Local Rule LR 7-2(d). I have denied Clemons's request for counsel twice, and I consider that the end of the matter.

This stay is conditioned upon Clemons commencing an appropriate proceeding in the state district court by March 28, 2019, and returning to federal court with a motion to reopen within 45 days of the remittitur by the state appellate courts at the conclusion of all state court proceedings.

The Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case.

Dated: February 12, 2019

_____
U.S. District Judge Jennifer A. Dorsey