UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| De'Marian A. Clemons,<br><br>    Petitioner<br><br>v.<br><br>Jo Gentry, et al.,<br><br>    Respondent | Case No.: 2:17-cv-01041-JAD-EJY<br><br>**Order Granting Motion<br>to Dismiss and Closing Case**<br><br>[ECF No. 46] |

De'Marian Clemons petitions for habeas corpus relief under 28 U.S.C. § 2254, challenging the accrual of work and educational credits toward an earlier release from prison under either a 2009 Nevada state-court felony battery and related firearms conviction or a 2014 Nevada state-court conviction for voluntary manslaughter with the use of a deadly weapon.[1] Respondents move to dismiss his petition, arguing that this action is untimely under either judgment.[2] Clemons has not responded, and I deem his silence as consent to the granting of the motion.[3] Having carefully reviewed the record, I grant the motion because the action is untimely.

---

[1] ECF No. 5.
[2] ECF No. 46.
[3] *See* LR 7-2(d).

**Procedural History and Background**

**A.     State-court proceedings**

    **1.     Eighth Judicial District Court case number 09C253955-2**

In case number 09C253955-2, Clemons was convicted of one county of battery with use of a deadly weapon resulting in substantial bodily harm, one count of discharging a firearm at or into a structure, and one count of possession of a firearm by an ex-felon.[4] The state district court entered the judgment of conviction on August 9, 2009. Clemons did not appeal.

On December 23, 2009, Clemons filed a state habeas corpus petition that challenged the validity of that judgment of conviction. Three months later, Clemons filed a motion to withdraw his guilty plea. The state district court denied both motions. The Nevada Supreme Court consolidated the appeals and affirmed the state district courts' decisions on September 10, 2010. Remittitur issued on October 5, 2010.[5]

On September 9, 2010, Clemons filed another state habeas corpus petition that challenged the validity of the judgment of conviction. The state district court denied the petition. On appeal, the Nevada Supreme Court determined that the petition was untimely, successive, and an abuse of the writ.[6]

On February 3, 2014, Clemons filed a state habeas corpus petition that challenged the accrual of work credits, among other claims.[7] The state district court denied the petition on August 15, 2014.[8] Clemons did not appeal.

---

[4] Ex. 1 (ECF No. 18-1).
[5] *Clemons v. State*, 367 P.3d 758 (table), 2010 WL 3554332 (Nev. Sep. 10, 2010).
[6] *Clemons v. State*, 373 P.3d 904 (table), 2011 WL 2797823 (Nev. Jul. 15, 2011).
[7] Ex. 26 (ECF No. 45-5).
[8] Ex. 30 (ECF No. 45-9).

2. **Eighth Judicial District Court, case number C-11-273651-2**

In case number C-11-273651-2, Clemons was convicted of one count of voluntary manslaughter with the use of a deadly weapon. The state district court entered the original judgment of conviction on March 18, 2014, but noted that it would hold a hearing on credit for time served later.[9] Five days later, after the hearing, the state district court entered a first amended judgment that gave Clemons 168 days credit for time served.[10] Clemons did not appeal either of these judgments. The original judgment and first amended judgment both erroneously stated that voluntary manslaughter is a category A felony when it is actually a category B felony.[11] On May 11, 2018, the state district court entered a second amended judgment that corrected only the category of the felony of conviction.[12] Clemons did not timely appeal.

On May 16, 2016, Clemons filed a state habeas corpus petition that challenged the accrual of work credits for this conviction.[13] The state district court denied the petition on September 8, 2016.[14] Clemons appealed. The Nevada Court of Appeals affirmed on February 23, 2017.[15] Remittitur issued on March 21, 2017.[16]

---

[9] Ex. 27 (ECF No. 45-6).
[10] Ex. 2 (ECF No. 18-2).
[11] *See* Nev. Rev. Stat. § 200.080.
[12] Ex. 31 (ECF No. 45-10).
[13] Ex. 3 (ECF No. 18-3).
[14] Ex. 11 (ECF No. 18-11).
[15] Ex. 18 (ECF No. 18-18).
[16] Ex. 19 (ECF No. 18-19).

### 3. Other state-court proceedings

Clemons has filed other petitions and appeals regarding both state-court cases. However, either they did not qualify for tolling under 28 U.S.C. § 2244(d)(2) or he filed them after he commenced this action. Either way, they are not relevant to the issue of timeliness of this action.

## B. Federal habeas proceedings

The court received Clemons's petition under 28 U.S.C. § 2254 on April 12, 2017; Clemons did not state when he handed the petition for a correctional officer for mailing to the court.[17] I stayed the action while Clemons exhausted his available state-court remedies.[18] I reopened the action when Clemons was finished in state court.[19] Respondents' motion to dismiss followed.[20]

Respondents argue that the action is untimely, that Clemons is not in custody under the judgment that he challenges, that ground 1 of the petition raises only a violation of state law, and that ground 1 is procedurally defaulted. Clemons has not responded. Because I find that the action is untimely, I need not—so I do not—address respondents' other arguments.

## Discussion

## A. Legal standards

Clemons had one year to file his habeas corpus petition, counting from the later of two possible starting dates. First, the one-year period could have started running when the operative judgment of conviction became final through the expiration of time to seek direct review.[21]

---

[17] ECF No. 5 at 1.
[18] ECF No. 27.
[19] ECF No. 40.
[20] ECF No. 46.
[21] 28 U.S.C. § 2244(d)(1)(A).

Second, the one-year period could have started running when Clemons discovered, or could have discovered through diligence, the factual predicate of his claims.[22] The other two possible starting dates under 28 U.S.C. § 2244(d)(1) are not relevant to Clemons's petition. The time that he spent on properly-filed state post-convictions petitions does not count toward the one-year period.[23]

**B.    This action is untimely under either judgment of conviction**

    **1.    Case number 09C253955-2**

Clemons's judgment of conviction in case number 09C253955-2 became final on September 8, 2009, when the time to appeal the judgment expired.[24] However, Clemons now challenges his inability to obtain work and educational credits toward an earlier release because he is disabled. The more appropriate date of accrual would be the date that he learned when he was not earning those credits. That date could be no later than February 3, 2014, because he filed his state habeas corpus petition raising the same claim then. Because that date occurred later than the date his judgment of conviction became final, I find that the one-year period started running that day—February 3, 2014.[25] Clemons's state habeas corpus petition immediately tolled the one-year period, with no time having run.[26] Clemons did not appeal the state district court's denial of his petition on August 15, 2014. The time to appeal expired on September 15, 2014, adding one day for the deadline otherwise falling on a Sunday.[27] The one-year period

---

[22] 28 U.S.C. § 2244(d)(1)(D).
[23] 28 U.S.C. § 2244(d)(2).
[24] *See* Nev. R. App. P. 4(b).
[25] *See* 28 U.S.C. § 2244(d)(1)(D).
[26] *See* 28 U.S.C. § 2244(d)(2).
[27] *See* Nev. Rev. Stat. § 34.575, Nev. R. App. P. 26(a)(1)(C).

resumed the next day.  It then expired on September 15, 2015.  Clemons's federal habeas corpus petition, received on April 12, 2017, thus is more than a year late under this judgment of conviction.

### 2. Case number C-11-273651-2

Clemons already knew that he was not earning work or educational credits before he was convicted in case number C-11-273651-2 because he had filed his state habeas corpus petition raising that very issue on February 3, 2014, a month and a half before he was convicted. Consequently, the date he learned of the factual predicate of his claim occurred before the judgment of conviction in case number C-11-273651-2 became final.  The one-year period thus started running when the judgment became final.

Case number C-11-273651-2 has three judgments of conviction, the original judgment and two amended judgments.  The original judgment of conviction contained no credit for time served, and it stated that the court would determine that credit at a later date.  The first-amended judgment of conviction did not change the sentences, but it added credit for time served.  The first-amended judgment thus is a new judgment that reset the one-year period.[28]  On the other hand, the second-amended judgment did nothing but correct the felony category for voluntary manslaughter; it did not change the sentences, nor did it change any credit for time served.  The time Clemons becomes eligible for parole and the time his sentences expire remain the same. The second-amended judgment only corrected a scrivener's error.  It is not a new judgment, and it had no effect on the starting date of the one-year period.[29]  Therefore, the first-amended

---

[28] *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017).

[29] *Id.* at 773.

judgment of conviction, entered on May 23, 2014, is the operative one for the purposes of the one-year period.

This action thus is untimely with respect to case number C-11-273651-2.  Clemons did not appeal from the first-amended judgment, so it became final with the expiration of the appellate deadline on June 23, 2014, adding one day for the deadline otherwise falling on a Sunday.[30]  Clemons had nothing pending in state court over the following year that could have tolled the period, so the one-year period expired at the end of June 23, 2015.  Clemons filed a state habeas corpus petition on May 16, 2016, but the federal one-year period already had expired, and a state habeas corpus petition cannot revive an already expired period of limitations.[31]  Clemons's federal petition, which the court received on April 12, 2017, was almost ten months late under this judgment of conviction.  So under either judgment of conviction, this action is untimely and must be dismissed.

**3.     Certificate of appealability**

Because reasonable jurists would not find my determination that the action is untimely to be debatable or wrong, I do not issue a certificate of appealability.

**Conclusion**

IT THEREFORE IS ORDERED that respondents' motion to dismiss **[ECF No. 46] is GRANTED**.  This action is **DISMISSED** with prejudice because it is untimely.  The Clerk of the Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS ACTION.

---

[30] *See* Nev. R. App. P. 4(b), 26(a)(1)(C).

[31] *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

IT FURTHER IS ORDERED that a certificate of appealability is denied.

Dated: October 27, 2021

_____
U.S. District Judge Jennifer A. Dorsey